# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

KIRT BENNETT,

      Plaintiff,

v.

                                        Case No. 3:24-cv-00198-NJR

CURTIS WILLIAMS,

      Defendant.

## ORDER OF REMAND

**ROSENSTENGEL, Chief Judge:**

In early 2024, Defendant Curtis Williams removed this action from the Circuit Court for the Twentieth Judicial Circuit in St. Clair County, Illinois, on the basis of diversity of citizenship subject matter jurisdiction under 28 U.S.C § 1332. (Doc. 1). From there, the case proceeded normally—the Court hosted a scheduling conference in March 2024, entered a scheduling order, and ordered the parties to participate in mediation. (Docs. 12; 13; 14). The parties engaged in mediation in October 2024 but were unable to settle. (Docs. 27; 30; 31).

Shortly after completing mediation, Plaintiff Kirt Bennett filed a motion to remand. (Doc. 33). Defendant Williams did not respond to the motion.[1] Bennett's motion asserts that he was a resident of Missouri when he filed the action and when Williams removed the action. (Doc. 33). As Williams is also a resident and citizen of Missouri, Bennett argues that the Court lacks diversity subject matter jurisdiction. (*Id.*).

---

[1] Under the Local Rules of this District, "failure to file a timely response to a non-dispositive motion may be deemed consent to the relief as requested." SDIL-LR 7.1(a)(5).

## LEGAL STANDARD

Removal is governed by 28 U.S.C. § 1441, which provides in relevant part, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Under § 1332, a federal district court has original subject matter jurisdiction over civil actions involving complete diversity between the parties plus an amount in controversy exceeding $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a); *LM Ins. Corp. v. Spaulding Enterprises Inc.*, 533 F.3d 542, 547 (7th Cir. 2008). Complete diversity means that "no defendant may share the same state citizenship as any plaintiff." *Big Shoulders Capital LLC v. San Luis & Rio Grande Railroad, Inc.*, 13 F.4th 560, 571 (7th Cir. 2021).

The removing party, as the proponent of federal subject matter jurisdiction, has the burden of establishing the existence of jurisdiction by a preponderance of the evidence. *See Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 540-43 (7th Cir. 2006); *see also Carroll v. Stryker Corp.*, 658 F.3d 675, 680 (7th Cir. 2011). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

## ANALYSIS

As an initial matter, Bennett's motion uses the word "resident" to describe his relationship to Missouri. But "residence and citizenship are not synonyms and it is the latter that matters for purposes of diversity jurisdiction." *Meyerson v. Harrah's E. Chi. Casino*, 299 F.3d 616, 617 (7th Cir. 2002). The citizenship of a natural person for diversity purposes is

determined by the person's domicile, *see Pollution Control Indus. of Am., Inc. v. Van Gundy*, 21 F.3d 152, 155 n. 4 (7th Cir. 1994), which means the state where the person is physically present with an intent to remain there indefinitely. *See Perry v. Pogemiller*, 16 F.3d 138, 140 (7th Cir. 1993). In the affidavit provided as an exhibit to the motion, Bennett states that he "physically resided at [865 Laredo Avenue, St. Louis, Missouri 63138] with the intent to remain in Missouri indefinitely" as of October 9, 2023. (Doc. 33, p. 4). While Bennett imprecisely uses the word "resident" elsewhere in his motion, the Court is satisfied from this statement that Bennett's domicile, and thus citizenship, is in Missouri.

This case was filed in state court on November 8, 2023, and removed on January 29, 2024. (Docs. 1; 1-2). It appears that Bennett was a citizen of Missouri prior to both of those dates. According to the Notice of Removal, Williams is also a citizen of Missouri. (Doc. 1). As Bennett and Williams are both Missouri citizens, this Court lacks diversity jurisdiction over the case. Pursuant to 28 U.S.C. § 1447(c), the case shall be remanded.

## Conclusion

For these reasons, the Motion to Remand (Doc. 33) filed by Plaintiff Kirt Bennett is **GRANTED**. This case is **REMANDED** to the Circuit Court for the Twentieth Judicial Circuit in St. Clair County, Illinois.

**IT IS SO ORDERED.**

DATED:   December 12, 2024

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**